UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-24203-GAYLES/OTAZAO-REYES

MARIN LARIN,

    Plaintiff,

v.

LOVING HEART HOME HEALTH CARE, INC.,
JOAQUIN MARQUEZ, individually, and
SONIA MARQUEZ, individually,

    Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Loving Heart Home Health Care Inc. ("Loving Heart"), Joaquin Marquez ("Joaquin") and Sonia Marquez ("Sonia") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12 and 81, hereby file their Answer and Affirmative Defenses to the Complaint filed by Plaintiff Marin Larin.

1. Plaintiff's introduction and summary in ¶ 1 regarding the nature of this lawsuit is not an allegation of fact to which a response is required. To the extent a response is required, Defendants deny any and all liability and further deny that Plaintiff is entitled to any relief.

2. Defendants are without sufficient knowledge to admit or deny whether Plaintiff was a resident of Miami-Dade County during the relevant period.

3. Loving Heart admits that it transacts business in Miami-Dade County. The remaining allegations are denied.

4. Joaquin admits that he was an owner and corporate officer of Loving Heart during the relevant period. The remaining allegations constitute a legal conclusion and are therefore denied.

5. Denied.

6. Defendants admit that Plaintiff rendered services for Loving Heart as an independent contractor in Miami-Dade County.  The remaining allegations are denied.

7. Defendants deny that they employed Plaintiff during the relevant period and further deny that they engaged in any of the misconduct alleged in the Complaint.  Any individual or collective action against Defendants based on the allegations in the Complaint is wholly improper.  The remaining allegations are denied.

8. Defendants admit that this Court has jurisdiction over matters concerning the Fair Labor Standards Act but deny that they employed Plaintiff during the relevant period.

9. The allegations in Paragraph 9 constitute legal conclusions to which no response is required.  Nevertheless, Defendants deny any misconduct or liability.

10. Denied.

11. Loving Heart admits that it is subject to the FLSA.  The remaining allegations are denied.

12. Loving Heart admits that it is subject to the FLSA.  The remaining allegations are denied.

13. Admitted.

14. Admitted.

15. Denied.

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required.  Nevertheless, Defendants deny any misconduct or liability.

17. Denied.

18. Denied.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

19. Denied.

20. Denied.

21. Denied.

Plaintiff's "Wherefore" clause following Paragraph 21 is not a factual allegation to which a response is required. To the extent that a response is required, Defendants deny any and all liability and further deny that Plaintiff is entitled to any of the relief sought.

## GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted, and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs are not entitled to liquidated damages because any alleged acts or omissions by Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for believing that their acts or omissions did not violate the FLSA.

2. Plaintiffs' claims are barred to the extent Defendants' actions were taken in good faith reliance and conformity with established ruling, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. §§ 258-59.

3. Even assuming *arguendo* that Plaintiff has established her allegations for liquidated damages, Plaintiff is not entitled to pre-judgment interest.

4. Plaintiff cannot establish a willful violation of the FLSA and cannot establish grounds warranting anything other than a two-year statute of limitations period.

5. Plaintiff's claims may be barred by the doctrines of payment or setoff.

6. Plaintiff is not an adequate representative for the putative class because they are not similarly situated to other workers.

7. Plaintiff is not entitled to payment for work that was not requested by Defendants and of which Defendants were not aware.

8. Assuming Plaintiff states a claim under the FLSA against any of the Defendants, she is not entitled to compensation for time which is not "work time" under the Portal to Portal Act.

9. Assuming Plaintiff states a claim under the FLSA against any of the Defendants, Plaintiff is not entitled to be compensated for time spent during the work day on personal pursuits that were for Plaintiff's own benefit and had no connection to or with Defendants' business.

10. Assuming Plaintiff states a claim under the FLSA against any of the Defendants, Defendants are not liable for work Defendants did not suffer or permit Plaintiff to work.

11. Assuming Plaintiff states a claim under the FLSA against any of the Defendants, Plaintiff is not entitled to pay for time that is "de minimus".

12. Defendants did not have actual or contrastive knowledge of the overtime hours purportedly worked by Plaintiff.

13. In the event Plaintiff is deemed to have been an employee of one of more of the Defendants during any part of the relevant period, Plaintiff's work was such that Plaintiff was subject to one or more of the FLSA's exemptions, including, but not limited to, the home health care and companionship services exemption and the domestic services exemption.

14. Plaintiff's claims are barred in whole or in part pursuant to the doctrine of estoppel as Plaintiff has represented to the IRS that Plaintiff is an independent contractor rather than an employee.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Dated:  December 18, 2017     Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pereralaw.com
**PERERA LAW GROUP, P.A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786-485-5232

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 6, 2017 the foregoing document was served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  *s/ J. Freddy Perera*
J. Freddy Perera

## SERVICE LIST

J.H. Zidell, Esq.
Florida Bar Number: 0010121
Email: ZABOGADO@AOL.COM
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
Tel: (305) 865-6766
Fax: (305) 865-7167

*Attorney for Plaintiff*