UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-24203-GAYLES/OTAZO-REYES

MARIA LARIN,

    Plaintiff,

v.

LOVING HEART HOME HEALTH CARE, INC.,
JOAQUIN MARQUEZ, individually, and
SONIA MARQUEZ, individually,

    Defendants.

_____/

## DEFENDANTS' RULE 36(B) MOTION AND MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S FIRST SET OF DISCOVERY

Defendants Loving Heart Home Health Care, Inc., Joaquin Marquez, and Sonia Marquez (collectively "Defendants") by and through undersigned counsel, hereby move i) for relief pursuant to Rule 36(b) of the Federal Rules of Civil Procedure and ii) a two-week extension of time to respond to Plaintiff Maria Larin's ("Plaintiff") First Request for Production and First Set of Interrogatories and states:

1. Plaintiff filed a claim of alleged unpaid overtime wages on November 17, 2017. (DE 1).

2. An Answer and Affirmative Defenses was filed on December 18, 2017. (DE 14).

3. The Answer and Affirmative Defenses admitted that Loving Heart satisfied the $500,000 gross income threshold associated with enterprise coverage under the FLSA.

4. On or around January 5, 2018, Plaintiff served a Request for Admissions, First Request for Production, and First Set of Interrogatories ("Plaintiff's Discovery").

5. Plaintiff's Discovery intermingled each request so that each request was made to each Defendant.

6. In total then, Plaintiff purported to serve 45 requests for admissions, 246 requests for production, and 33 interrogatories.

7. A two-week extension of time was requested to respond to Plaintiff's Discovery. The initial request was made February 2, 2017.

8. In the February 2, 2017 correspondence seeking a two-week extension, Defendants noted that there was a very large amount of discovery requests directed to the issue of FLSA enterprise coverage—an issue that had been admitted in the Answer before the discovery was served. Accordingly, Defendants asked whether the superfluous requests would be withdrawn.

9. In the interest of judicial economy and in order to properly confer on the requested extension, Defendants waited to receive a response from Plaintiff before filing the present motion.

10. While the parties exchanged several e-mails after the requested extension, Defendants did not receive guidance on whether Plaintiff opposed the relief sought in this Motion until this morning.

11. This morning (a few hours after the discovery responses were due) Plaintiff's counsel wrote to the undersigned to state that Defendants' discovery responses were overdue—thereby deeming the Request for Admissions to be admitted.

12. No indication was provided as to the requested extension until a follow-up e-mail was sent. Defendants were then advised that Plaintiff opposes the requested extension.

13. Defendants served Plaintiff with their objections and responses to Plaintiff's Request for Admissions earlier today, February 6, 2018.

## **MEMORANDUM OF LAW**

From a technical standpoint, Rule 36(a)(3) requires a response to a request for admissions within thirty (30) days. Under Rule 36(b), however, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

In the Eleventh Circuit, there is a two-part test for determining whether a Rule 36(b) motion should be granted. *Perez v. New Auto Image Marketing, Inc.*, 2016 WL 7540272 at *3 (S.D. Fla. May 20, 2016) (citing *Perez v. Miami-Dade Cty.*, 297 F. 3d 1255, 1264 (11th Cir. 2002)).

> Courts should consider whether (1) the withdrawal will promote the presentation of the merits, and (2) the withdrawal will prejudice the party who obtained the admissions in its presentation of the case. *Id*. The first part of the test is met if the withdrawal "aids in the 'ascertainment of the truth and the development of the merits.'" *Id*. (*quoting Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988)). The prejudice contemplated at the second step "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Id*. (*quoting Brook Village North Assoc. v. General Elec. Co*., 686 F.2d 66, 70 (1st Cir. 1982)).

*Perez v. New Auto Image Marketing, Inc.*, 2016 WL 7540272 at *3.

### A. Precluding Admissions Of Material Disputed Issues Will Promote A Determination On The Merits.

Through the Request for Admissions, Plaintiff sought admissions that Defendants employed Plaintiff, Plaintiff worked the hours alleged, and Defendants failed to pay Plaintiff in accordance with the FLSA—all of which Defendants have denied. If these requests are deemed admitted, there would be little to nothing left to litigate. Therefore, the first factor regarding promotion of presentation of the merits militates in favor of granting Rule 36(b) relief.

This was the determination made in *Blissful Existence, Ltd. v. Kiln Syndicate 510 at Lloyds*, 2014 WL 12580034, at *1 (S.D. Fla. August 12, 2014). In *Blissful Existence*, this Court, through Judge Gayles, found as follows:

> While it appears that Plaintiff's response was untimely, the Court will exercise its discretion and permit Plaintiff to withdraw its technical "admissions." The Court finds that doing so will ensure that the case is resolved on its merits and not based on a discovery delay.

*Id.*

The plaintiff in *Blissful Existence* served responses to the request for admissions thirty (30) days late. In the present case, the responses were served only a few hours after the deadline to respond.

### B. Plaintiff Was Not Prejudiced By The Few Hours That Transpired After The Deadline.

The second part of the 36(b) analysis also favors relief in this matter. This is because "the prejudice contemplated at the second step 'is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.'" *New Auto Image Marketing, Inc.*, 2016 WL 7540272 at *3.

The current case is still in a state of infancy. And, even if it was not, Plaintiff could not be prejudiced by receiving the objections and responses to the Request for Admissions a few hours late. This did not impact the ability to conduct proper discovery. Neither could it have impacted the ability to secure the proper witnesses for trial.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court exercise its discretion and:

(a) Grant Defendants' Rule 36(b) motion;

(b) Treat any technical admissions as withdrawn;

(c) Deem Defendants' Objections and Responses to Plaintiff's Request for Admissions, served today, to be properly served and contain the operative objections and responses;

(d) Grant Defendants' requested extension to respond to Plaintiff's First Set of Interrogatories and First Request for Production, making the objections and responses due on or before Monday, February 19, 2018; and

(e) Grant all other relief this Honorable Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Undersigned counsel for Defendants has conferred with counsel for Plaintiff who opposes the relief sought herein.

Dated:  February 6, 2018

Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
**PERERA BARNHART**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786-485-5232
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.

**SERVICE LIST**

J.H. Zidell, Esq.
Florida Bar Number: 0010121
Email: zabogado@AOL.COM
Rivkah F. Jaff, Esq.
Florida Bar Number: 107511
Email: rivkah.jaff@gmail.com
**J.H. Zidell, P.A.**
300 71st Street, Suite 605

Miami Beach, Florida  33141
Tel: (305) 865-6766
Fax: (305) 865-7167

*Attorney for Plaintiff*

<u>*VIA CM/ECF*</u>