# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 17-cv-24203-GAYLES/OTAZO-REYES

MARIA LARIN,

      Plaintiff,

v.

LOVING HEART HOME HEALTH CARE, INC.,
JOAQUIN MARQUEZ, individually, and
SONIA MARQUEZ, individually,

      Defendants.

_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION OF DE 25

Defendants Loving Heart Home Health Care, Inc., Joaquin Marquez, and Sonia Marquez (collectively "Defendants"), by and through undersigned counsel, hereby file their Reply to Plaintiff's Response to Defendants' Motion for Clarification of DE 25 (the "Response") and state:

Circular reasoning is all that is left once the Response is stripped of its unnecessary accusatory language.[1]    At its core, the Response argues that a 36(b) motion for relief is a discovery motion because it is a discovery motion.

---

[1] Defendants do not understand Plaintiff's accusation that Defendants' Motion for Clarification is a masqueraded 36(b) motion. The Motion for Clarification does not make any argument whatsoever that Defendants are entitled to 36(b) relief.  Instead, the Motion is limited to an explanation of why Defendants need further clarification from the Court.  Otherwise, Defendants run the risk of filing a Rule 36(b) motion that may be deemed in violation of the Paperless Order. *See* DE 25.

While the Motion for Clarification cited to two Southern District of Florida cases wherein the District Court Judge addressed a 36(b) motion outside of the discovery dispute mechanism, no attempt was made to distinguish such cases.  *See Perez v. New Auto Image Marketing, Inc.*, 2016 WL 7540272 at *3 (S.D. Fla. May 20, 2016); *Blissful Existence, Ltd. v. Kiln Syndicate 510 at Lloyds*, 2014 WL 12580034, at *1 (S.D. Fla. August 12, 2014).  In fact, *New Auto* and *Blissful Existence* were not acknowledged at all.

Instead, the Response simply cites to Rule 36(a)(3) of the Federal Rules of Procedure and how "it operates."  Yet, as explained in the Motion for Clarification, the language of Rule 36(a)(3) is not in dispute.  There is no discovery dispute between the parties at all.  The only thing at issue is whether the Court, after applying the operative legal analysis, determines that Defendants are entitled to relief under Rule 36(b).

Dated:  February 7, 2018                    Respectfully submitted,


                                            By: */s/ J. Freddy Perera*
                                            J. Freddy Perera, Esq.
                                            Florida Bar No. 93625
                                            freddy@pererabarnhart.com
                                            Valerie Barnhart, Esq.
                                            Florida Bar No. 88549
                                            valerie@pererabarnhart.com
                                            **PERERA BARNHART**
                                            12555 Orange Drive, Suite 268
                                            Davie, Florida 33330
                                            Telephone: 786-485-5232
                                            Counsel for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the

foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.

## SERVICE LIST

J.H. Zidell, Esq.
Florida Bar Number: 0010121
Email: zabogado@AOL.COM
Rivkah F. Jaff, Esq.
Florida Bar Number: 107511
Email: rivkah.jaff@gmail.com
**J.H. Zidell, P.A.**
300 71st Street, Suite 605
Miami Beach, Florida  33141
Tel: (305) 865-6766
Fax: (305) 865-7167

*Attorney for Plaintiff*

*VIA CM/ECF*