UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-24203-CIV-DPG

MARIA LARIN,

       Plaintiff,

vs.

LOVING HEART HOME HEALTH CARE,
INC., JOAQUIN MARQUEZ, individually,
and SONIA MARQUEZ, individually,

       Defendants.

_____/

## DEFENDANTS' NOTICE OF DISCOVERY HEARING BEFORE MAGISTRATE JUDGE OTAZO-REYES

    Defendants Loving Heart Home Health Care, Inc., Joaquin Marquez, and Sonia Marquez, hereby file this Notice of Discovery Hearing to occur before the Honorable Magistrate Judge Otazo-Reyes. The hearing will occur at the following date, time, and address:

    **Date:**    June 22, 2018

    **Time:**    9:30 a.m.

    **Location:**    C. Clyde Atkins U.S. Courthouse
                    301 North Miami Ave., 10th Floor
                    Miami, FL 33128

## ITEMS AT ISSUE

The following discovery items will be addressed with the Court:

1. **Plaintiff's Motion To Take In Excess Of Number of Allowed Depositions And Defendants' Request For Protective Order From Duplicative Discovery.**

Plaintiff has exceeded the number of depositions allowed under the Rules (Fed. R. Civ. P. 30(a)(2)(A)). There is no good cause for additional depositions, especially when considering the needs of the case and the parties' resources. Plaintiff's disproportionate discovery requests extend to written discovery. In this straightforward matter, Plaintiff has issued six (6) separate requests for production of documents (for a total of 157 document requests) and three separate interrogatories. In certain instances, Plaintiff has made the same document request several times (and as many as five (5) times).[1] Defendants request a protective order from having to respond to duplicative requests where the end result of those requests is merely to multiply attorneys' fees.

2. **Plaintiff's Responses and Objections to Defendants' Second Request for Production of Documents.**

On May 4, 2018, Defendants served their Second Request for Production of Documents. The request seeks deposit slips, deposited checks, deposit receipts, and documents showing payor information for a specific list of deposits reflected in Plaintiff's bank records. The parties conferred and Plaintiff consented to the issuance of third party subpoenas to the banks holding the accounts. Defendants requested that Plaintiff also obtain responsive documents herself or clarify what steps, if any, Plaintiff had taken to do so. Defendants' requests have gone ignored.

---

[1] *See* (i) Defendants' Responses to Plaintiff's First Request for Production (RFP No. 6); (ii) Defendants' Amended Responses to Plaintiff's First Request for Production (RFP No. 6); (iii) Defendants' Responses to Plaintiff's Request for Production Dated 3/2/18 (RFP No. 1); and (iv) Plaintiff's Request for Production Dated 5/16/18 (RFP Nos. 1, 8); *See* (i) Defendants' Responses to Plaintiff's Request for Production Dated 3/20/18 (RFP No. 9); and (ii) Defendants' Responses to Plaintiff's Request for Production Dated 5/16/18 (RFP Nos. 3, 10); *See* (i) Defendants' Responses to Plaintiff's Request for Production Dated 3/20/18 (RFP No. 9); and (ii) Defendants' Responses to Plaintiff's Request for Production Dated 5/16/18 (RFP Nos. 5, 6, 11, 12).

### 3. Plaintiff's Text Messages

Defendants requested Plaintiff's text messages regarding this lawsuit. Plaintiff initially responded that she would make certain text messages available for inspection. Defendants requested copies of the messages, to which Plaintiff responded "they are available for inspection on an agreed to date and time" and "we are unable to make the text messages available by any other means." On May 26, 2018, however, Plaintiff stated that "we installed an application on Plaintiff's phone which backs up all the text messages and transfers them to email format" and that "Plaintiff does not have text messages in her possession, custody, and control." Plaintiff then produced four (4) screenshots (none were of text messages). Defendants have made several requests for information about the backup in hopes of assessing the scope of backup and/or recovering the text messages that Plaintiff represented that she had. Those requests have all gone ignored.

### CERTIFICATE OF CONFERRAL

In accordance with the Discovery Procedures for Magistrate Judge Alicia M. Otazo-Reyes (DE 22), Defendants hereby certify that they have conferred with Plaintiff concerning the issues set forth in the Notice above. The parties were unable to resolve the issues to be addressed by the Court.

        Respectfully submitted,

        STEARNS WEAVER MILLER WEISSLER
         ALHADEFF & SITTERSON, P.A.
        *Attorneys for Defendants*
        Suite 2200 - Museum Tower
        150 West Flagler Street
        Miami, Florida 33130
        Telephone:  (305) 789-3200
        Facsimile:   (305) 789-3395

        By: /s/ Bayardo E. Aleman
          Bayardo E. Aleman, Esq.
          Florida Bar No. 28791
          baleman@stearnsweaver.com
          Giselle Gutierrez Madrigal, Esq.
          Florida Bar No. 100254
          gmadrigal@stearnsweaver.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via E-mail upon the individuals on the service list below, this 20th day of June, 2018.

        By: /s/ Bayardo E. Aleman
          Bayardo E. Aleman

## **SERVICE LIST**

J. H. Zidell, Esq.
Fla. Bar No.: 0010121
zabogado@aol.com
Rivkah F. Jaff, Esq.
Fla. Bar No.: 107511
Rivkah.Jaff@gmail.com
Neil Tobak, Esq.
Fla. Bar No.: 93940
Ntobak.zidellpa@gmail.com
**J.H. ZIDELL, P.A.**
300 71st Street, Suite 605
Miami Beach, Florida  33141
Telephone: (305) 865-6766
Facsimile: (305) 865-7167
*Attorneys for Plaintiff*

Jorge Freddy Perera, Esq.
Fla. Bar No.: 93625
freddy@pererabarnhart.com
**Perera Barnhart**
12555 Orange Drive, Second Floor
Davie, FL 33330
Telephone: (786) 486-5232
Facsimile: (786) 485-1519

*Attorney for Defendants*

#6621187