UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24203-CIV-DPG/AOR

| | |
|---|---|
| MARIA LARIN and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| LOVING HEART HOME HEALTH CARE, INC., JOAQUIN MARQUEZ, SONIA MARQUEZ, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF'S MOTION FOR CLARIFICATION OF [DE53]**

**COMES NOW** the Plaintiff, by and through undersigned counsel, and files the above-styled Motion, and in support thereof states as follows:

1.      Per the Court's Order [DE53], "Should all of Defendants' requested bank records not be available in time for Plaintiff's deposition, Defendants may conduct a supplemental deposition of Plaintiff after those bank records become available."

2.      The deadline to complete all fact discovery is August 21, 2018. [DE22]. As such, prior to Plaintiff's scheduled deposition, Plaintiff conferred and requested that Plaintiff's deposition be re-set to occur after Defendants had obtained the a bank records so as to minimize all fees and costs related to taking two deposition; Defendants refused to push off the deposition despite having ample time to conduct follow-up discovery had they agreed to same.

3.      As such, on June 27, 2018, Defendants conducted Plaintiff's video-taped deposition which was in excess of seven hours of testimonial time, with cross and re-direct

examinations.[1] Part of Plaintiff's testimony was regarding bank statements previously produced by Plaintiff.

4.      Fed.R.Civ.P. 30(d)(1) states in part that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Pursuant to Fed.R.Civ.P. 30(a)(2)(A)(ii), a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deponent has already been deposed in the case.

5.      Defendants have issued their subpoenas to obtained additional bank records and intend to depose Plaintiff for a second time as permitted by the Court.

6.      Therefore, Plaintiff respectfully requests the Court clarify that the "supplemental" deposition is limited in scope solely to the additional bank documents obtained after Plaintiff's first deposition and to relevant non-duplicative discovery, that Defendants are not entitled to re-ask questions previously asked, and that the deposition is limited in duration to a maximum of two (2) hours.

### MEMORANDUM OF LAW

As per Fed.R.Civ.P. 30(a)(2)(A)(ii), a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deponent has already been deposed in the case. Rule 26(b)(2) provides that a court shall limit discovery if:

> "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or

---

[1] Plaintiff was deposed from approximately 10:00 a.m. through to approximately 8:00 p.m., with approximately 7.5-8 hours of testimonial time, with cross and re-direct examinations.

(iii) the burden or expense of the proposed discovery outweighs its likely benefit."

Per the Court's Order [DE53], "Should all of Defendants' requested bank records not be available in time for Plaintiff's deposition, Defendants may conduct a supplemental deposition of Plaintiff after those bank records become available." As such, Defendants have already been granted leave of Court to take a "supplemental" deposition of Plaintiff. Part of the testimony elicited was related to bank statements already provided to Defendants during the course of discovery. The Court's Order [DE53] does not make it clear that Plaintiff's "supplemental" deposition will be limited in scope to the newly produced bank documents and to relevant non-duplicative discovery, that Defendants will be prohibited from re-asking previously asked questions, and that it will be limited in duration. *See, Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981); *See also, Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11thCir. 1985).

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT CLARIFY THAT THE "SUPPLEMENTAL" DEPOSITION IS LIMITED IN SCOPE SOLELY TO THE ADDITIONAL BANK DOCUMENTS OBTAINED AFTER PLAINTIFF'S FIRST DEPOSITION AND TO RELEVANT NON-DUPLICATIVE DISCOVERY, THAT DEFENDANTS ARE NOT ENTITLED TO RE-ASK QUESTIONS PREVIOUSLY ASKED, AND THAT THE DEPOSITION IN LIMITED IS DURATION TO A MAXIMUM OF TWO (2) HOURS.

## CERTIFICATE OF CONFERRAL

Plaintiff has made several attempts to confer with Defense counsel and while Defense counsel has responded to other portions of Plaintiff's email correspondences Defendants have failed to provide their position on the instant Motion.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
   Rivkah F. Jaff, Esquire
   Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 6/27/18 TO:**

**J. FREDDY PERERA, ESQ.**
**PERERA LAW GROUP, P.A.**
**12555 ORANGE DRIVE, SUITE 268**
**DAVIE, FLORIDA 33330**
**TELEPHONE: 786-485-5232**
**EMAIL: FREDDY@PERERALAW.COM**

**BY:___/s/___Rivkah Jaff_____**
**RIVKAH JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24203-CIV-DPG/AOR

MARIA LARIN and all others similarly )
situated under 29 U.S.C. 216(b), )
)
           Plaintiffs, )
    vs. )
)
LOVING HEART HOME HEALTH CARE, )
INC., )
JOAQUIN MARQUEZ, )
SONIA MARQUEZ, )
)
           Defendants. )
_____ )

**ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION OF [DE53]**

This cause, having come before the Court on Plaintiff's Motion for Clarification of

[DE53], and the Court being duly advised in the premises, it is ORDERED, and ADJUDGED

that said Motion is GRANTED and therefore:

1.  Defendants shall be limited in scope solely to the additional bank documents obtained

    after Plaintiff's first deposition and to relevant non-duplicative discovery for

    Plaintiff's "supplemental" deposition as permitted per the Court's Order [DE53].

2.  Defendants shall not re-ask questions previously asked at Plaintiff's first deposition

    when conducting Plaintiff's "supplemental" deposition as permitted by the Court's

    Order [DE53].

3.  Plaintiff's "supplemental" deposition as permitted by the Court's Order [DE53] shall

    not exceed two (2) hours.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of

_____, 2018.

_____
ALICIA ATAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies to:      Counsel of Record