UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-24203-CIV-DPG/AOR

MARIA LARIN and all others similarly )
situated under 29 U.S.C. 216(b), )
 )
              Plaintiffs, )
vs. )
 )
LOVING HEART HOME HEALTH CARE, )
INC., )
JOAQUIN MARQUEZ, )
SONIA MARQUEZ, )
 )
             Defendants. )
_____ )

**PLAINTIFF'S NOTICE OF HEARING BEFORE THE HONORABLE MAGISTRATE JUDGE ALICIA OTAZO-REYES**

PLEASE TAKE NOTICE that the undersigned attorneys for the respective Parties will call to be heard on the Court's discovery calendar before the HONORABLE MAGISTRATE JUDGE ALICIA OTAZO-REYES, at the c. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, 10th Floor, Miami, FL 33128, on July 11, 2018, commencing at 10:00 a.m.

1. **Plaintiff's Supplemental Request for Production Dated 5/16/18 Directed Towards Each Defendant**:

Requests for Production #2-7 and #9-#13

Copies of contracts by and between Defendants, insurance companies and the agencies for patients assigned to Plaintiff are highly relevant to show Defendants control over Plaintiff. In light of Defendants affirmative Defense of independent contractor, Plaintiff must be allowed to see the relationship through contracts by and between Defendants, the insurance company, and the patients, in order to show that the Defendants were the ones with control over the Plaintiff. Plaintiff has

agreed for Defendants to redact any HIPPA protected information and yet Defendants still refuse to produce same. Further, copies of payments by and between Defendants insurance companies and the agencies for patients assigned to Plaintiff; are highly relevant to show who paid the plaintiff, who controlled Plaintiff's pay, who determined how much Plaintiff was paid, etc.

"Home Health/Home Care and Weekly Visit Record" Documents

Defendants have been withholding approximately 650 pages of highly relevant, responsive documents showing Plaintiff's time records and daily responsibilities. Defendants' refusal to produce said documents is based on a false notion of a need for confidentiality and Plaintiff Counsel's refusal to sign a broad and unnecessary ten (10) page Confidentiality agreement. After much conferral, an agreement could not be made regarding narrowing the confidentiality agreement. Further, even if the Defendants agree to produce the documents, they refuse to produce ALL the records because "the tasks being performed are repetitive in nature. A large sampling of the forms is more than sufficient." Defendants opinion that a large sampling of documents is sufficient is not an adequate defense to producing responsive documents.

## CERTIFICATE OF CONFERRAL

The Parties have been unable to resolve the above discovery issues and will continue to confer in good faith. Should the issues be resolved prior to the scheduling Hearing, Plaintiff will immediately advise the Court.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766

            305-865-7167

           By:_s/ Rivkah F. Jaff, Esq. ___
            Rivkah F. Jaff, Esquire
            Florida Bar No.: 107511

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 6/27/18 TO:**

**J. FREDDY PERERA, ESQ.
PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE, SUITE 268
DAVIE, FLORIDA 33330
TELEPHONE: 786-485-5232
EMAIL: FREDDY@PERERALAW.COM**

**BY:___/s/___Rivkah Jaff_____
RIVKAH JAFF, ESQ.**